THE HONORABLE AVERIAL ROTHROCK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| HENRY T. TANG, an individual, | CASE NO. 19-2-30690-4 SEA |
| Plaintiff, | |
| v. | COMPLAINT |
| CITY OF SEATTLE, a Washington municipality | |
| Defendant. | |

## I. STATEMENT OF THE CASE

This action is brought against the City of Seattle under the Washington Law Against Discrimination ("WLAD"), RCW 49.60, and specifically the prohibitions against disability discrimination by employers under RCW 49.60.180(3) and the prohibitions against discrimination and retaliation for using protected leave under RCW 49.78.300.

COMPLAINT – Page 1
Case No.: 19-2-30690-4 SEA

Exhibit A

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

The City of Seattle has discriminated against Mr. Tang as a result of him taking medical leave for a temporary disability due to a serious medical condition. The City failed to provide him with reasonable accommodations for his disability and denied him due process in his termination proceedings. Through this action, Mr. Tang seeks to obtain a full recovery for his losses.

## II.   PARTIES, JURISDICTION AND VENUE

2.1   Plaintiff Henry Tang is an individual residing in King County, Washington.

2.2   Defendant City of Seattle is a municipality of the State of Washington, subject to suit under RCW 4.96.

2.3   Plaintiff has met the requirements of RCW 4.96.020 as a prerequisite to suit.

2.4   This Court has original jurisdiction in this matter pursuant to RCW 2.08.010.

2.5   Venue is proper in King County pursuant to RCW 4.12.020.

## III.   FACTUAL ALLEGATIONS

3.1   Mr. Tang was an employee of the City of Seattle, working as a licensed engineer and a project engineer.

3.2   During the course of his employment, Mr. Tang requested and utilized protected leave for his own serious health condition.

3.3   Defendant City of Seattle imposed discipline on Mr. Tang as a result of his use of protected leave.

3.4   In December 2017, Mr. Tang, requested and was granted medical leave as an accommodation for a temporary disability due to his serious medical condition.

COMPLAINT – Page 2
Case No.: 19-2-30690-4 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

3.5     However, Defendant's Human Resources department informed Mr. Tang that they would not be able to keep his job position open since it would be an undue hardship.

3.6     In fact, keeping Mr. Tang's position open for a limited amount of time for his leave would not pose an undue hardship for the City.

3.7     Defendant indicated that they would look for an equivalent position for him when he returned from medical leave. The City failed to look for an equivalent position.

3.8     Instead, after approximately one month of his medical leave, Defendant informed Mr. Tang that they had found a part-time receptionist position and offered it to him as a permanent job replacement.

3.9     This position was not an equivalent position because it was not full-time and its compensation was substantially lower than Mr. Tang's compensation in his work position.

3.10    Mr. Tang informed Defendant that this position was not equivalent, in violation of City Disability Policy and that it would be premature for him to return to work because of his disability.

3.11    Defendant claimed that there was no policy requiring the replacement position to be equivalent, despite having previously provided Mr. Tang with a copy of the City's Disability Resource Guide Policy which stated that the replacement position must be equivalent.

3.12    Mr. Tang and his Union, PTE Local 17, requested a *Loudermill* hearing with the head of the department which was denied.

3.13    Defendant failed to engage in the interactive process with Mr. Tang prior to his termination.

COMPLAINT – Page 3
Case No.: 19-2-30690-4 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

3.14   After further discussions, Defendant falsely asserted that Mr. Tang had specifically requested a part-time position as part of his accommodation request. On or about April of 2018, Mr. Tang was subsequently terminated from his employment without a hearing.

3.15   Defendant justified its termination of employment based on their false assertion that he had requested a part-time position.

3.16   Mr. Tang and his Union requested an appeal hearing in accordance with the City's personnel policy and collective bargaining agreement.

3.17   Defendants agreed to schedule the meeting but have been unresponsive to multiple attempts to reach them regarding the hearing since May of 2018.

3.18   As a result of the City's violations of the law, Mr. Tang has suffered significant economic and non-economic damages, in an amount to be proven at trial.

### IV.   FIRST CAUSE OF ACTION
### Disability Discrimination
### Violation of the Washington Law Against Discrimination
### RCW 49.60.180

4.1   Plaintiff realleges paragraphs 1.1 through 3.18 as though fully set forth herein.

4.2   Defendant's actions and omissions including: their failure to reasonably accommodate Mr. Tang, their failure to engage in the interactive process, their failure to look for an equivalent position, and the separation of employment without engaging in these activities constitutes unlawful discrimination in violation of the WLAD, RCW 49.60.180.

4.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 4
Case No.: 19-2-30690-4 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

## V. SECOND CAUSE OF ACTION
### Violation of Rights to Procedural Due Process
### United States Constitution

5.1 Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2 Defendant's actions and omissions constitute a violation of Plaintiff's right to procedural due process under the Fourteenth Amendment to the United States Constitution.

5.3 As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION
### Discrimination For Use of Medical Leave
### RCW 49.78.300

6.1 Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2 Defendant's actions and omissions constitute discrimination for use of medical leave in violation of RCW 49.78.300.

6.3 As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## VII. FOURTH CAUSE OF ACTION
### Retaliation
### RCW 49.60.210

7.1 Plaintiff realleges paragraphs 1.1 through 6.3 as though fully set forth herein.

7.2 Defendant's actions and omissions constitute unlawful retaliation in violation of RCW 49.60.210.

7.3 As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

## VIII. FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

8.1  Plaintiff realleges paragraphs 1.1 through 7.3 as though fully set forth herein.

8.2  Defendant's actions and omissions constitute a wrongful termination in violation of Washington public policy.

8.3  As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

1.  An order finding that Defendant discriminated against Plaintiff in denying him reasonable medical accommodations for his disability in violation of the WLAD;

2.  An order finding that Defendant violated Plaintiff's Federal constitutional right to due process;

3.  An order finding that Defendant discriminated against Plaintiff for his use of protected medical leave under RCW 49.78;

4.  An order granting Plaintiff full back pay, front pay and benefits, including without limitation, retirement and pension impacts and other actual monetary losses in an amount to be proven at trial both with respect to the discriminatory and unconstitutional treatment he suffered;

5.  An order granting Plaintiff an award of damages for all other forms of economic losses and non-economic losses, including without limitation specific damages resulting from his

COMPLAINT – Page 6
Case No.: 19-2-30690-4 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

medical costs as a result of the stress and panic attacks he suffered, and general damages for mental anguish, emotional distress, and pain and suffering in an amount to be proven at trial;

6. An order granting liquidated damages pursuant to RCW 49.78.330;

7. An order granting Plaintiff interest, attorney's fees and costs pursuant to RCW 49.60.030(2), RCW 49.48.030, RCW 49.52.050, and/or RCW 49.78.330 in an amount to be proven at trial; and

8. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 19th day of November, 2019.

By: _____
Spencer Nathan Thal, WSBA 20074
Zachariah Nathan William Thal, WSBA 55462
Vanguard Law, PLLC
PO Box 939
Poulsbo WA 98370
Phone: (206) 488-8344
spencer@vangurdlawfirm.com

*Attorneys for Plaintiff*

COMPLAINT – Page 7
Case No.: 19-2-30690-4 SEA

VANGUARD LAW, LLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344