1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY T. TANG,

                    Plaintiff,

          v.

CITY OF SEATTLE,

                    Defendant.

Cause No. C19-2055RSL

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION

        This matter comes before the Court on the "City of Seattle's Motion to Allow FRCP 35
Psychiatric Examination of Plaintiff." Dkt. # 21. Plaintiff alleges that defendant City of Seattle,
his former employer, discriminated against him because of his race and/or disability, retaliated
against him for taking medical leave, failed to reasonably accommodate his disability, and
terminated him without due process. He asserts that defendant's conduct caused him to incur
medical expenses for treatment (Dkt. # 1-2 at 6-7) and non-economic harm of "$1,000 per day
for combined humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety,
and anguish" (Dkt. # 27 at 9). In his initial disclosures, plaintiff identified three physicians with
discoverable information regarding the impact defendant's conduct had on him, two of whom
could address its emotional impacts. Dkt. # 27 at 7-8 (identifying Drs. Warth, Gustafson, and
Bailey).

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION - 1

Federal Rule of Civil Procedure 35(a) authorizes the Court to order a party to submit to a psychiatric or medical examination "[w]hen the mental or physical condition (including the blood group) of a party . . . is in controversy" and the moving party has shown "good cause." A showing of relevance is insufficient. The relevance requirement is already imposed by Fed. R. Civ. P. 26(b) such that the additional requirements of Rule 35 indicate "that there must be a greater showing of need under [that rule] than under the other discovery rules." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (quoting *Guilford Nat'l Bank of Greensboro v. Southern Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)). The party seeking a psychiatric or medical examination must make "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination." *Schlagenhauf*, 379 U.S. at 118.

Defendant argues that plaintiff's psychiatric condition is "in controversy" because (1) the jury will have to determine whether plaintiff's underlying psychiatric condition rendered him unable to perform the essential duties of his position (or any full-time equivalent position) even with reasonable accommodations and (2) plaintiff seeks to recover damages for the emotional distress caused by defendant's conduct. Dkt. # 21 at 7-8. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. . . . Employers[] who fail to engage in the interactive process in good faith[] face liability for the remedies imposed by the statute *if a reasonable accommodation would have been possible.*" *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137-38 (9th Cir. 2001) (emphasis added). Defendant seeks to have a psychiatrist, Jean N. Dalpé, M.D., M.B.A.,

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION - 2

conduct a 90 minute examination/interview to assess "plaintiff's psychiatric condition, the cause

of that condition, its nature and extent, its severity, the necessity of treatment, whether plaintiff

has reached maximum medical improvement and if so, when that occurred." Dkt. # 21-1 at 2.

This information is key to an issue in controversy, namely whether a reasonable accommodation

would have been possible. Although defendant makes no effort to explain how a psychiatric

evaluation of plaintiff performed at the tail end of 2020 (or the beginning of 2021) will shed

light on plaintiff's condition or capabilities between November 2017 (when plaintiff requested

an unpaid leave of absence as an accommodation for his disability) and April 2018 (when he was

terminated), whether Dr. Dalpé's opinions will ultimately be admissible is not currently before

the Court. *See Eldredge v. City of St. Paul*, 809 F. Supp.2d 1011 (D. Minn. 2011) (considering

*Daubert* challenge to expert opinions that were based, in part, on Rule 35 examinations of the

plaintiff).

      With regards to plaintiff's claim for emotional distress damages, where the litigation

involves a "garden variety" claim of emotional distress involving the kinds of emotional injuries

a lay person would associate with discriminatory/retaliatory treatment and/or a wrongful

discharge, plaintiff's psychiatric condition is not "in controversy" and "does not justify a

potentially invasive independent psychiatric examination under Rule 35(a)." *Rispoli v. King Cty.*,

No. C04-1500RSL, 2005 WL 8172251, at *1 (W.D. Wash. June 13, 2005). *See also Turner v.

Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995); *Curtis v. Express, Inc.*, 868 F. Supp. 467, 468-

69 (N.D.N.Y. 1994). Courts will, however, order a litigant to undergo a psychiatric examination

where something more is at issue, such as: (1) a separate cause of action for intentional or

negligent infliction of emotional distress; (2) a claim of unusually severe emotional distress or a

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION - 3

specific mental or psychiatric injury/disorder; (3) plaintiff relies on expert testimony to support

the claim of emotional distress; and/or (4) plaintiff concedes that his mental condition is "in

controversy" for purposes of Rule 35(a). *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637-38 (N.D. Cal.

2003); *Turner*, 161 F.R.D. at 95.

The first and fourth considerations do not apply here. With regards to the severity or

specificity of the emotional harm at issue, plaintiff specifically seeks damages associated with

the medical costs he incurred "as a result of the stress and panic attacks he suffered" as well as

general damages "for mental anguish, emotional distress, and pain and suffering." Dkt. # 1-2 at

¶ 3.18 and pp. 6-7. Defendant asserts that plaintiff's medical records show that his doctors have

made DSM-V diagnoses of mental conditions (Dkt. # 26 at 5), but it is unclear whether these

diagnoses relate to the underlying serious medical condition for which he sought accommodation

or are related to emotional distress resulting from defendant's conduct. Regardless, the fact that

plaintiff sought medical care (and incurred medical costs) suggests that the level of distress he

experienced was severe and beyond the garden variety emotional injuries a lay person would

associate with discriminatory/retaliatory treatment and/or a wrongful discharge. The second

*Turner* factor suggests that a Rule 35 examination is appropriate.

Plaintiff argues that the third factor - whether he will rely on expert testimony to support

his emotional distress claim - does not support a Rule 35 examination because he has not

identified any experts in this matter. The parties recently agreed to continue the case

management deadlines, including the expert disclosure deadline which had already passed, so

the fact that plaintiff has not yet identified any experts does not mean he will not. As defendant

points out, if plaintiff hopes to have his treating physicians provide an opinion regarding

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION - 4

causation that would not otherwise have been formed as part of the treatment, there is at least an argument that an expert report is necessary. The combination of severe distress/specific mental conditions and the possibility that experts will be used to establish the fact and extent of the distress leads the Court to the conclusion defendant should be permitted an opportunity to develop a defense to the anticipated testimony of plaintiff and his treating physicians regarding both the availability of a reasonable accommodation and the cause/extent of any emotional distress arising from defendant's conduct.

In the circumstances of this case, the Court finds that plaintiff's psychiatric condition - past and present - is "in controversy" and that defendant has shown good cause for a 90 minute examination/interview conducted by Dr. Dalpé. Plaintiff has not objected to the scope or terms of the proposed examination.[1]

For all of the foregoing reasons, defendant's motion to compel is GRANTED. The above-described psychiatric evaluation shall be conducted by Dr. Dalpé at one of her offices (Everett, Seattle, or Federal Way) on a date and at a time to be agreed upon by the parties. The examination will be no longer than 90 minutes, and its scope is limited to the assessment of plaintiff's psychiatric condition, the cause of that condition, its nature and extent, its severity, the necessity of treatment, whether plaintiff has reached maximum medical improvement, and, if so, when that occurred. No testing shall be performed. Plaintiff shall not record the examination, and no persons other than plaintiff and Dr. Dalpé shall be present during the examination. If Dr.

---

[1] Plaintiff's counsel asserts that the "impact on [p]laintiff of a psychiatric examination at this late stage of discovery is significant," but offers no details, no evidence, and no indication that the impact would be negative. Dkt. # 23 at 8.

ORDER GRANTING MOTION TO
COMPEL RULE 35 EXAMINATION - 5

1    Dalpé records the examination, a copy of the recording shall be provided to plaintiff's counsel.

2    Defendant shall bear the costs of the examination. No follow-up questioning will be permitted

3    without further order of the Court.

4

5

6            Dated this 29th day of December, 2020.

7                                    *MVT S Casmik*
                                     _____
                                     Robert S. Lasnik
8                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     ORDER GRANTING MOTION TO
28   COMPEL RULE 35 EXAMINATION - 6